JOHN F. POND *vs.* WILLIAM T. MERRIFIELD.

A. contracted with M. to erect a building in a certain time and according to certain specifications. P. advanced money to M. for the purpose of completing the building, which loan was secured by a mortgage thereon, and also took a penal bond from M. to complete said building by a certain time and according to the contract. The work was not done exactly according to the time or terms of the contract, and P., the mortgagee, was compelled to pay extra insurance on the building in consequence ; but the extra work and labor of M on the building, increased its value as a security to P., to an amount more than all the deficiencies and delay, in not exactly complying with the contract, including also the item of extra insurance. *Held,* that P. could recover only nominal damages of M. for breach of the bond.

THIS was an action on a bond given August 8th, 1851, by the defendant to the plaintiff, in a penal sum of twenty thou-

sand dollars, the condition of which was, that whereas the
defendant, Merrifield, had made a contract with E. M. Parritt
and others, to erect a building for a medical college in Wor-
cester, and whereas the plaintiff, Pond, for the purpose of
securing the completion of said building, had advanced $6,000
to said Parritt and others, and in consideration thereof, the
defendant made a second contract with said Parritt and others,
to complete said building, and do other work, on or before
February 8th, 1852, and also not to enforce any lien on said
building to the injury or detriment of a mortgage of $13,200,
and a second mortgage of $6,000, held by said Pond, or in
which he had an interest. And in conclusion, the bond pro-
ceeded as follows : " Now if the said Merrifield (the defend-
ant) shall perform all things by him to be performed, by either
of said contracts, and shall finish said building and other
work referred to in the second contract, at the times therein
specified, and shall not enforce any lien, &c., then this obliga-
tion to be void, &c."

At the trial in this court, before *Dewey,* J., for the purpose
of settling all the controverted facts in the case, the parties
submitted certain questions to the jury, one of which was :
" Supposing the defendant is chargeable for all departures
from the terms of the contract, when the same were not prop-
erly directed by the architect and approved by him, (as the
contract required,) and supposing the defendant should be
allowed for all improvements and variations properly author-
ized by the architect, is the plaintiff entitled to any damages ? "
To this, the jury answered in the negative. The next inquiry
was, " Has the plaintiff established any claim for damages,
if all the additional work and materials provided by the de-
fendant beyond the terms of his contract, which were fur-
nished in good faith, and were of substantial benefit to the
value of the building, should be allowed the defendant in
set-off for any deficiencies in the full performance of the
terms of the contract ? " To this inquiry, the jury answered
No. To the further question, whether " the additions and
beneficial variations made by the defendant beyond the terms
of the contract, increase the value of the building as a security

to an amount equal to the value of all the omissions and deficiencies, so that the building, as finished, is of equal value as a security to a mortgagee, as it would have been if finished according to the contract," the jury replied in the affirmative. The next issue was: "Was the payment of extra insurance occasioned by the default and neglect of the defendant." The jury replied: "Yes, to the amount of $42.90. This damage was added to all the other defaults of the defendant, and the whole was found to be less than should be allowed the defendant for extra labor and materials furnished by him under proper directions from the architect." Upon these facts thus found, the question was reserved for the full court to enter such judgment as was proper.

*P. C. Bacon*, for the plaintiff. The plaintiff is entitled to recover for extra insurance under the condition of the bond. The plaintiff had a right to get the building insured, after the time fixed for its completion, at the ordinary rate of insurance. The jury have found that he had to pay an extra price, and that this was owing to the default and neglect of the defendant in not getting the building completed at the time stipulated. It was a proper and necessary expense for the plaintiff to incur, as a security for his mortgage on the property, and the plaintiff is entitled to recover it. This damage is not too remote. It is such as the parties must be presumed to have contemplated as a consequence of not getting it done at the time. 2 Greenl. Ev. §§ 254, 256; Sedgwick on Damages, 81 ; *Bennett* v. *Lockwood*, 20 Wend. 223. It is no valid objection to the plaintiff's recovery, that the defendant had done all, and even more than he was required by the contracts in the erection of the building. The building was not the plaintiff's, but belonged to the college. The plaintiff had an interest in it only as mortgagee. This payment of extra insurance, and the other claims for damages negatived by the jury, stand on distinct grounds.

The plaintiff's right to recover may be tested thus: Suppose the plaintiff had brought an action on the bond, and had relied on the defendant's neglect in completing the building, and this payment of extra insurance; could the defendant

have defended on the ground that he had erected the building according to contract, or had even made it somewhat more valuable to the owners than the contract required? The plaintiff did not ask to have it better than the contract; we say this would be no defence. The plaintiff had no control over the defendant, in the erection of this building; the plaintiff only furnished money to build it, and held mortgages on it. All he asked for was, to have it done according to contract, and by the time agreed. It was not done by the time, by which delay the plaintiff had to pay extra insurance, and it is for this we ask to recover.

*C. Allen,* for the defendant. 1. The defendant's contracts with the building committee were substantially performed, so that no damages could have been recovered for their breach. *Smith* v. *First Congregational Meeting-House in Lowell,* 8 Pick. 178; *Hayward* v. *Leonard,* 7 Pick. 181; *Brewer* v. *Tyringham,* 12 Pick. 547; *Van Deusen* v. *Blum,* 18 Pick. 229, 231.

2. The insurance effected by the plaintiff was a voluntary act, not contemplated when the contracts with the building committee were made, or when the penal bond was given to the plaintiff. It was his voluntary act to increase the value of his security by a collateral undertaking, beyond that conferred by the mortgage; an act not necessary to be done, but optional on the part of the plaintiff.

3. The plaintiff has not sustained damage, because the value of his security is increased, beyond the amount of his expenditure.

BY THE COURT.[1] In an action on a penal bond, there being a plain breach in not finishing the building within the time limited by the condition of the bond, as appears by reference to the contracts, there must be judgment for the plaintiff, at least for nominal damages.

But the question is, whether extra insurance, occasioned by the delay in completing the building, and paid by the plaintiff, can be recovered in this action. We think not. Take the whole finding of the jury, and the result is, that by the extra

---

[1] THOMAS, J., did not sit in this case.

work of the defendant, over and above the contract, the estate was benefited and enlarged, to an amount more than sufficient to counterbalance this charge, and all other failures of the defendant; so that the estate which was the security to the plaintiff under his mortgage from the medical institution, was made so much more valuable. The plaintiff has a security for this premium, in his mortgage. Should the estate be redeemed, he will have this same premium repaid. If not, the estate comes into his hands, increased in value more than it would have been by the mere performance of the contract, and more than sufficient to counterbalance this premium. It stands, therefore, upon the same footing, as the other failures to perform the contract according to its exact terms.

*Judgment for the plaintiff for one cent damages.*